J-A29032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KENNETH SUCHMA AND JANICE SUCHMA, HUSBAND AND WIFE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| DAVID LASOTA AND CAROLINE LASOTA, HUSBAND AND WIFE, | |
| Appellees | No. 1932 WDA 2014 |

Appeal from the Order October 28, 2014
In the Court of Common Pleas of Allegheny  County
Civil Division at No: GD-12-010229

BEFORE:  FORD ELLIOTT, P.J.E., BOWES AND MUSMANNO, JJ.

DISSENTING STATEMENT BY BOWES, J.:        **FILED FEBRUARY 05, 2016**

I respectfully dissent from the majority's decision herein.  At issue is the fact that Mr. and Mrs. LaSota, Appellees, created a planting bed, installed landscaping stones, and placed vegetation on John Street, which is a platted road in a recorded subdivision called Crafton Plan of Lots that was filed by Charles C. Craft.  Appellants, Mr. and Mrs. Suchma, contend that the items in question must be removed from John Street.

A platted road in a recorded subdivision plan creates an easement in favor of all property owners in the subdivision.  ***Starling v. Lake Meade Prop. Owners Ass'n, Inc.***, 121 A.3d 1021 (Pa.Super. 2015).  The easement is considered to be right of way for access that can be used for the purposes of egress and ingress by all property owners in the subdivision.

*Id*. Mr. and Mrs. LaSota, by virtue of their ownership of a lot in the Crafton Plan of Lots, have a property interest in John Street that consists solely of right of way for ingress and egress and that is the extent of their ownership interest in the road. *Id*.

It is settled that, "The owner of an easement can make any use of it that is not inconsistent with the purpose for which the easement was created." *Id*. at 1029. Conversely, "an easement cannot be used for purposes other than those contemplated when the easement was created." *Id*. at 1031. John Street was created to provide ingress and egress to the owners in the subdivision recorded by Charles C. Craft, and the LaSotas do not have the right to use it for any other purpose. Hence, they cannot maintain a raised earthen berm or planting area, large landscaping stones, and vegetation on the easement. *Id.* For these reasons, I respectfully dissent from the majority's decision that the planting area, stones, and vegetation can remain on John Street since they do not constitute an unreasonable interference on the ability of the Suchmas, who also own a lot in the subdivision, to use John Street for ingress and egress.